```
              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF INDIANA
                    HAMMOND DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:06 MJ 183 |
| | ) | |
| MARK CIESOLKA | ) | |

OPINION AND ORDER OF DETENTION

At the August 21, 2006 initial appearance, the government requested that the defendant, Mark Ciesolka, be held without bond.  A detention hearing was conducted on August 22 and August 30, 2006.  The court now makes the following findings of fact:

1. The defendant currently is charged in a one count criminal complaint with a violation of 18 U.S.C. §2422(b).  If convicted, the defendant faces a mandatory minimum sentence of ten years imprisonment and a maximum sentence of life imprisonment.

2.  At the detention hearing, the government proffered evidence to supplement the probable cause affidavit and the prebond report.  The defendant called Secret Service Agent William McKenna as a witness and proffered additional evidence.

3.  Between August 2 and August 19, 2006, the defendant engaged in 11 sexually explicit online conversations with a police officer posing as a 13 year old girl.  During four of these conversations, the defendant masturbated in front of a webcam.

4.  On August 18, 2006, the defendant discussed a potential sexual encounter involving his 12 year old son and the 13 year old girl.

5.  In paragraph 4 of the probable cause affidavit, Agent McKenna states that the police officer told the defendant that she was 13 years old in a conversation occurring on August 2, 2006.  The date of that conversation is inaccurate.  However, on two separate occasions, the defendant was told that he was talking to a 13 year old girl.

6.  In its proffer, the government indicated that the defendant gave a statement following his arrest admitting that he believed he was talking to a 13 year old girl.  However, in his statement, the defendant indicated that he believed that she was 19 years old, but he acknowledged that the individual participating in the online conversation told him that she was only 13 years old.

7.  During another sting operation, on August 11, 2006, the defendant again discussed a sexual encounter between his 12 year old son and the police officer posing as a 13 year old girl.  In this conversation, the defendant indicated that his son previously had a sexual encounter with another 13 year old girl.  In his proffer, the defendant denied that he ever involved his son in any sexual activities.

8.  The defendant was unemployed at the time of his arrest.

9.  The defendant has used an alias and has been arrested for failing to pay child support and for conversion.

Under 18 U.S.C. §3142(e), a defendant may be detained as a danger to the community if he is charged with a crime of violence under Section 3142(f)(1)(A).  The defendant is charged with using

2

the internet to solicit sex with someone he believed to be a 13 year old girl in violation of 18 U.S.C. §2422(b).  If the defendant is charged with a crime of violence, there is a rebuttable presumption in favor of detention.

In *United States v. Munro*, 394 F.3d 865 (10th Cir. 2005), the defendant was charged with using the internet to solicit sex with a minor in violation of Section 2422(b) along with carrying a firearm during a crime of violence in violation of 18 U.S.C. §924(c).  The Court of Appeals concluded that the attempted sexual abuse of a minor was a crime of violence and upheld the Section 924(c) conviction.  394 F.3d at 870-871.  *See also* *United States v. Abad*, 350 F.3d 793, 798-99 (8th Cir. 2003) (where the defendant was charged with traveling in interstate commerce to engage in sexual activity with a minor in violation of 18 U.S.C. §2423(b), the Court of Appeals held that the defendant was charged with a crime of violence and that the district court erred in releasing the defendant on bond); *United States v. Champion*, 248 F.3d 502, 506 (6th Cir. 2001) (in sentencing the defendant following his conviction under Section 2422(b) and other statutes designed to protect minors, it was held that the defendant was convicted of a crime of violence and that an enhancement was appropriate under Section 4B1.1 of the Sentencing Guidelines); *United States v. Searcy*, 418 F.3d 1193, 1197 (11th Cir. 2005) (finding that a violation of Section 2422(b) was a crime of violence under Section 4B1.1).

In ***United States v. Vargas***, 332 F.3d 471 (7th Cir. 2003), the Seventh Circuit reviewed the Application Note to Section 2L1.2 and concluded that any sexual abuse of a minor constitutes a crime of violence.  332 F.3d at 473-74.  *See also **United States v. Martinez***, 250 F.3d 1101, 1105 (7th Cir. 2001) ("Engaging in sexual intercourse with a thirteen-year-old girl was a 'crime of violence'").

The foregoing cases are consistent with the definition of "crime of violence" under Section 3156(a)(4)(B):

> the term "crime of violence" means -
>
> * * *
>
> (B)   any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense . . .

For purposes of Section 3156(a)(4)(B), a charge under Section 2422(b) is a crime of violence.

In determining whether detention is appropriate, one factor to be considered is "the weight of the evidence against the person . . . ."  Section 3142(g)(2) In the instant case, the government has a transcript of the entire conversation from the internet chat room.  In a statement following his arrest, the defendant admitted to participating in the online conversations but stated that he believed he was talking to a 19 year old girl.

The government has demonstrated by clear and convincing evidence that the defendant is a danger to the community and

4

"that no condition or combination of conditions will reasonably assure . . . the safety of . . . the community . . . ." Section 3142(e) Between August 2 and August 19, 2006, the defendant participated in 11 sexually explicit conversations with a police officer posing as a 13 year old girl.  During four of these conversations, the defendant masturbated in front of a webcam.  The defendant also discussed involving his 12 year old son in the sexual activities.  The government also has access to another series of online conversations involving the defendant and another undercover police officer.

In the probable cause affidavit and the government's proffer, the government misstated the date of one online conversation and the contents of the defendant's post-arrest statement.  Although the court does not condone any misstatements by the government, it should be noted that the affiant signed 19 probable cause affidavits over a one week period and the government participated in 17 detention hearings.  The misstatements do not undermine the strength of the government's case or indicate any misconduct by the case agent or the Assistant U.S. Attorney handling these cases.

The defendant was unemployed at the time of his arrest and has a minor criminal record.  Under all of the circumstances, it would be difficult to provide restrictions on the defendant's activities which would deny him access to a computer and minor children.  It also is unlikely that the Probation Department could effectively monitor the defendant if released on bond.

5

The government's motion for pretrial detention is **GRANTED**, and the defendant is **ORDERED HELD WITHOUT BOND**.  18 U.S.C. §3142(e)

Pursuant to 18 U.S.C. §3142(i), it is further **ORDERED** that:

A.  The defendant shall be committed to the custody of the Attorney General for confinement to a corrections facility separate, to the extent practicable, from persons who are confined after a conviction;

B.  The defendant shall be afforded reasonable opportunities for private consultation with his attorney; and

C.  The defendant shall be delivered to the custody of the United States Marshal when the appearance of each defendant for any court proceeding is required.

ENTERED this 7th day of September, 2006

s/ Andrew P. Rodovich
United States Magistrate Judge