IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. 2:06-CR-163 |
| ) | |
| MARK CIESIOLKA, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on the "Motion For a New Trial Pursuant to Fed. R. Crim. P. 33," filed by Defendant, Mark Ciesiolka, on March 17, 2008. For the reasons set forth below, the motion is **DENIED**.

BACKGROUND

On February 28, 2008, a jury verdict was returned against Ciesiolka, finding him guilty of Count I in the indictment, coercion or enticement of a minor in violation of 18 U.S.C. § 2422(b). On that date, Defendant requested additional time to file a motion for a new trial, and the Court granted Ciesiolka 10 additional days to file said motion. On March 17, 2008, Ciesiolka timely filed the present motion for a new trial.

DISCUSSION

Federal Rule of Criminal Procedure 33 provides, in relevant part, that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "A jury verdict in a criminal case is not to be overturned lightly, and therefore a Rule 33 motion is not to be granted lightly." *United States v. Santos*, 20 F.3d 280, 285 (7th Cir. 1994) (quotation omitted). A district court may "weigh evidence, evaluate credibility, and grant the motion if the substantial rights of the defendant have been jeopardized." *United States v. Eberhart*, 388 F.3d 1043, 1052 (7th Cir. 2004) (citation omitted), *vacated on other grounds*, 546 U.S. 12 (2005). A district court is not required to view the evidence in a light most favorable to the Government, but rather must independently consider the evidence presented. *Id.*

### **Jury Instructions**

#### **Ostrich Instruction**

First, Ciesiolka argues that a new trial should be granted based upon the Court giving improper jury instructions. Ciesiolka contends that the Court erred when it gave the "ostrich" instruction, and erred when it improperly instructed the jury regarding the evidence related to Jane Doe, child pornography, and additional chats.

The Court gave the "ostrich" instruction as Court's Instruction Number 18:

When the word "knowingly" is used in these instructions, it

>means that the Defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake or accident.  Knowledge may be proved by the Defendant's conduct, and by all the facts and circumstances surrounding the case.
>
>You may infer knowledge from a combination of suspicion and indifference to the truth.  If you find that a person had a strong suspicion things were not what they seemed or that someone had withheld some important facts, yet shut his eyes for fear of what he would learn, you may conclude that he acted knowingly, as I have used that word.  You may not conclude that the Defendant had knowledge if he was merely negligent in not discovering the truth.

During the instruction conference, defense counsel did object to this instruction, but the Court overruled the objection and gave the instruction to the jury.  Ciesiolka now argues the instruction is improper because there was no evidence at trial from which to infer that Ciesiolka deliberately avoided learning the age of "ashley13_km."[1]  In response, the Government argues that the ostrich instruction was proper.

An ostrich instruction is appropriate where (1) the defendant claims a lack of guilty knowledge, and (2) the government has presented circumstances from which a jury could conclude that the defendant "deliberately avoided learning the truth."  *United States v. Carrillo*, 435 F.3d 767, 780 (7th Cir. 2006); *see also United States v. Bigelow*, 914 F.2d 966, 970 (7th Cir. 1990) (holding "an ostrich instruction is appropriate when the defendant claims a lack of guilty

---

[1] "Ashley13_km" was the screen name of the undercover agent in this case, who pretended to be a minor child during Internet chats with Ciesiolka.

knowledge and there are facts and evidence that support an inference of deliberate ignorance." The purpose of a conscious avoidance instruction is to explain to the jury that the legal definition of "knowledge" includes the deliberate avoidance of knowledge. *See United States v. Craig*, 178 F.3d 891, 896 (7th Cir. 1999). But, as the Court recognized in *Carrillo*, "[g]reat caution must be exercised, however, in determining which circumstances support the inference of deliberate ignorance" because it "is not meant to allow a jury to convict a person for negligence." *Carrillo*, 435 F.3d at 781 (quoting *United States v. Giovannetti*, 919 F.2d 1223, 1228 (7th Cir. 1990)).

To qualify as deliberate avoidance, a defendant must have "deliberately avoided acquiring knowledge of the crime being committed by cutting off his curiosity through an effort of the will." *United States v. Leahy*, 464 F.3d 773, 796 (7th Cir. 2006) (citing *United States v. Fallon*, 348 F.3d 248, 253 (7th Cir. 2003)). "The purpose of the ostrich instruction 'is to inform the jury that a person may not escape criminal liability by pleading ignorance if he knows or strongly suspects he is involved in criminal dealings but deliberately avoids learning more exact information about the nature or extent of those dealings.'" *Carrillo*, 435 F.3d at 780 (quoting *United States v. Craig*, 178 F.3d 891, 896 (7th Cir. 1999); *United States v. Rodriguez*, 929 F.2d 1224, 1227 (7th Cir. 1991)). The focus is on the defendant's state of mind, not on what an objectively reasonable person might do in the same context. *Carrillo*, 435 F.3d at 781 ("[T]he focus is on

-4-

what the defendant knew and whether the defendant knew enough to support an inference that he or she remained deliberately ignorant of facts constituting criminal knowledge.").

The Defendant argues that at trial, the Government tried to show that Ciesiolka believed "ashley13_km" was a minor, and that there was no evidence from which the jury could infer that Ciesiolka *suspected* that "ashley13_km" was a 13 year old, but deliberately pushed those suspicions aside in order to avoid confirming his criminal activities. (Reply to Govt.'s Resp. To Def.'s Mot. For New Trial Pursuant to Fed. R. Crim. P. 33, p. 3.) This Court disagrees. There is evidence in this case to support the inference that Ciesiolka deliberately avoided learning the age of "ashley13_km."

Defense counsel argued during closing arguments that Ciesiolka believed he was chatting with an adult because she had an adult profile, she submitted a picture of a woman in her late 20's, she listed her interests on the computer as Purdue University and beer, and she gave mixed messages in her text. Thus, the crux of the defense was Ciesiolka thought "ashley13_km" was an adult. Therefore, the first prerequisite for the ostrich instruction is satisfied because the Defendant claims a lack of guilty knowledge. *Carrillo*, 435 F.3d at 780.

In addition to evidence that Ciesiolka actually intended to solicit a minor, the Government also presented evidence from which a jury could infer that Ciesiolka deliberately avoided confirming that

-5-

"ashley13_km" was a minor. Although "ashley13_km" was in an adult chatroom, she indicated to Ciesiolka during chats that she was 13 years old. Moreover, the content of the chats between "ashley13_km" and "mark_columbus2001" (Defendant's screen name) support the inference that Defendant was chatting with, and soliciting, a minor. For example, "ashley13_km" refers to her mom being out of the house on several occasions, indicates her status as a virgin and her inexperience in sexual matters, and her naivete regarding sexually explicit terms. (*See* Gov. Ex. 5, p. 1; Ex. 7, p. 1; Ex. 8, p. 1; Ex. 9, p. 3; Ex. 10, p. 1; Ex. 11, p. 1; Ex. 5, p. 3; Ex. 7, pp. 3-4.) Additionally, Ciesiolka provided directions to "ashley13_km" about how to masturbate and perform oral sex, and told her he wanted to bring his 12-year old son to meet her to teach them both about sex. Ciesiolka did not meet "ashley13_km" in person, thus never confirmed her age.

Given this evidence, the jury could have inferred knowledge on the basis that Ciesiolka deliberately avoided learning "ashley13_km"'s true age. The evidence supports a finding that "given what the defendant knew, he must have deliberately avoided confirming for himself that he was engaged in criminal activity." *United States v. Carani*, 492 F.3d 867, 873 (7th Cir. 2007) (citations omitted). This case is similar to *Carani*, in which the Court ruled that the ostrich instruction was proper, finding "[t]he government presented evidence sufficient for the jury to infer that [defendant] suspected that files

he was downloading and sharing with others contained child pornography, but deliberately pushed those suspicions aside in order to avoid confirming his criminal activities." *Id.* at 874. Similarly, the Government presented evidence for a jury to infer that Ciesiolka suspected he was chatting with and soliciting a minor (specifically, the content of the chats), but that he deliberately pushed his suspicions aside so as not to confirm the criminal activity. Although Ciesiolka argues he basically could have been convicted under a negligence standard, the jury was specifically instructed that it "may not conclude that the Defendant had knowledge if he was merely negligent in not discovering the truth." (Court's Instruction No. 18.) In sum, the Court concludes that the ostrich instruction was appropriate.

### Instructions Regarding 404(b) Evidence

Second, Ciesiolka argues that the Court improperly instructed the jury regarding the Rule 404(b) evidence presented. Court's Instruction Number 12 stated:

> You have heard evidence of acts of the Defendant other than those charged in the indictment. You may consider this evidence only on the question of the Defendant's motive, intent, absence of mistake, and knowledge. You should consider this evidence only for this limited purpose.

Defense counsel requested that this instruction be read after the admission of each of the several different types of Rule 404(b)

evidence, but the Court denied that request as duplicative. Instead, the Court gave the instruction to the jury during the evidence phase of trial, and at the end of the case, when it read all of the instructions to the jury before deliberation. Defendant has provided no case law in support of his argument that the instruction should have been read after the admission of each individual piece of 404(b) evidence, and the Court is not aware of any such legal requirement. Rather, the Court believes it sufficiently instructed the jury as to how they could consider the 404(b) evidence during the evidence phase of trial, and when it read the instructions to the jury at the end of the case.

During deliberation in this case, the jury did proffer a question to this Court.[2] Based upon this question, Ciesiolka argues that the jury improperly used the Rule 404(b) evidence presented, and that the Court misstated the purposes for which the jury could use each item of other acts evidence, and confused the jury. Ciesiolka claims the Court's refusal to issue the instruction upon admission of each item of evidence contributed to causing the jury's confusion. This is mere speculation to read the juror's note in this manner.

Ciesiolka also argues that the Court erred in instructing the jury with a "catch-all" 404(b) instruction which "made it appear that

---

[2] The note read as follows: "Does Defendant have to have solicited for sex specifically with Ashleigh? Or could it be solicitation for sex w/<u>any</u> minor? (his son)" (emphasis in original).

each item of other acts evidence was relevant to establishing Mr. Ciesiolka's motive, intent, absence of mistake, and knowledge." (Mot. For New Trial Pursuant to Fed. R. Crim. P. 22, pp. 5-6.)  He criticizes the Government for (1) not explaining how the evidence of child pornography was relevant to proving Ciesiolka's knowledge that "ashley13_km" was a minor or absence of mistake; (2) not explaining how evidence related to Jane Doe was probative of knowledge or absence of mistake; and (3) not explaining how the additional chats were probative of absence of mistake.

In response, the Government urges that the Court properly instructed the jury regarding the Government's 404(b) extrinsic act evidence.  The Court admitted: (1) testimony of Jane Doe, a minor with which Ciesiolka had previously engaged in sexual intercourse; (2) Internet chats with other alleged minors; and (3) images of child pornography recovered from Ciesiolka's computer.

Prior to trial, the parties both briefed the issue of admission of 404(b) evidence, and this Court held a hearing on the same on February 25, 2008, when both evidence and argument was presented.  At that time, this Court found that the proposed 404(b) evidence was: (1) directed toward establishing a matter and issue other than a defendant's propensity to commit the crime charged; (2) showed that the other acts are similar enough and close enough in time to be relevant to the matter in issue; (3) there was sufficient evidence to support a finding by the jury that the defendant committed the similar

-9-

acts, meaning that the act occurred and that the defendant was the actor; and (4) the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. *See United States v. Sullivan*, 911 F.2d 2, 6 (7th Cir. 1990).

To specifically address Defendant's arguments, this Court believes that the child pornography found on Ciesiolka's computer was relevant to proving Ciesiolka's knowledge that "ashley12_km" was a minor and absence of mistake, because it shows that Ciesiolka had knowledge and that he did not mistakenly believe he was chatting with an adult – rather, he intentionally targeted an individual he believed was a minor. As to the repeated rape of Jane Doe, this is also probative of Ciesiolka's knowledge and absence of mistake. In *United States v. Sebolt*, 460 F.3d 910, 917 (7th Cir. 2006), the Seventh Circuit found that "[p]rior instances of sexual misconduct with a child victim may establish a defendant's sexual interest in children and thereby serve as evidence of the defendant's motive to commit a charged offense involving the sexual exploitation of children." Finally, evidence of additional Internet chats with other purported minors is probative of absence of mistake. It shows that Ciesiolka did not make a mistake in soliciting "ashley13_km," but rather that he had a pattern of targeting minors over the Internet, and that he knowingly solicited and enticed "ashley13_km."

**Trial Evidence Was Sufficient**

Finally, Ciesiolka argues that the evidence was not overwhelming that Ciesiolka believed "ashley13_km" was a minor. (Mot. For A New Trial Pursuant to Fed. R. Crim. P., p. 7.) To the contrary, upon review of the record, this Court finds that there was sufficient evidence that Defendant violated Title 18 U.S.C. section 2422(b). Specifically, Ciesiolka argues that the jury's note indicates that at least some of the jurors probably found Ciesiolka guilty based on a finding that Ciesiolka solicited "ashley13_km" for sexual activity with his son, which was not supported by the evidence.

The Court believes Ciesiolka reaches too far with this argument. The note is merely a question from the jury. It does not explain the jury's verdict, nor does it necessarily give any insight whatsoever to the jury's ultimate decision. The jury was given specific instructions and law, and it found Ciesiolka guilty of the charge in the indictment. To establish a violation of section 2422(b), the Government must prove: (1) the use of a facility of interstate commerce; (2) to knowingly persuade, induce, entice, or coerce, or to attempt to persuade, induce, entice or coerce; (3) any individual who is younger than 18; (4) to engage in any sexual activity of a criminal nature. *United States v. Brand*, 467 F.3d 179, 201–02 (2d Cir. 2006). In this case, there was evidence that Ciesiolka exposed his penis to "ashely13_km," masturbated, and ejaculated via webcam, he asked if "ashley13_km" would have intercourse with him, and he set up a meeting. Such constitutes sufficient evidence for a reasonable jury

-11-


to find Defendant guilty of the charges in the indictment.


**DATED: May 27, 2008**                    **/s/ RUDY LOZANO, Judge**
                                           **United  States  District  Court**